

# THE ATTORNEY GENERAL
# OF TEXAS

September 8, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Richard G. Morales, Sr.
Webb County Attorney
1104 Victoria
Laredo, Texas    78040

Opinion No.    JM-783

Re:  Authority of a sheriff to make certain purchases for the operation of the jail

Dear Mr. Morales:

You question whether article 2368a.5, V.T.C.S., the County Purchasing Act, is applicable to the sheriff in making purchases for the operation of the county jail. You suggested that since article 5116(a), V.T.C.S., vests the sheriff with responsibility for the safe keeping of the prisoners and designates him "keeper of the jail in his county," he should be the person with exclusive authority to purchase groceries and other necessities needed for the prisoners in the operation of the jail.

Article 5116 provides in part:

> (a)  Each sheriff is the keeper of the jail of his county. He shall safely keep therein all prisoners committed thereto by lawful authority, subject to the order of the proper court, and shall be responsible for the safe keeping of such prisoners.

Article 2368a.5 states in relevant part:

> Sec. 3.  (a)  Before a county may purchase one or more items under a contract that will require an expenditure exceeding $5,000, the commissioners court of the county must comply with the competitive bidding or competitive proposal procedures prescribed by this Act. All bids or proposals must be sealed.
>
> (b)  The competitive bidding and competitive proposal requirements established by Subsection (a) of this section apply only to contracts for which payment will be made from current funds or bond funds or through time warrants. However,

contracts for which payments will be made through certificates of obligation are governed by The Certificate of Obligation Act of 1971 (Article 2368a.1, Vernon's Texas Civil Statutes).

(c) In applying the competitive bidding and competitive proposal requirements established by Subsection (a) of this section, all separate, sequential, and/or component purchases of items ordered or purchased, with the intent of avoiding the competitive bidding and competitive proposal requirements of this Act, from the same supplier by the same county officer, department, or institution are treated as if they are part of a single purchase and of a single contract.

### Exemptions

Sec. 4. (a) A contract for the purchase of any of the following items is exempt from the requirement established by Section 3 of this Act if the commissioners court by order grants the exemption:

(1) an item that must be purchased in a case of public calamity if it is necessary to make the purchase promptly to relieve the necessity of the citizens or to preserve the property of the county;

(2) an item necessary to preserve or protect the public health or safety of the residents of the county;

(3) an item made necessary by unforeseen damage to public property;

(4) a personal or professional service;

(5) any work performed and paid for by the day, as the work progresses;

(6) any land or right-of-way; or

(7) an item that can be obtained from only one source, including: items for which competition is precluded because of the existence of patents, copyrights, secret processes, or natural monopolies; films, manuscripts, or books; electric

power, gas, water, and other utility services; and captive replacement parts or components for equipment.

(b)  If an item exempted under Subdivision (7) of Subsection (a) of this section is purchased, the commissioners court, after accepting a signed statement from the county official who makes purchases for the county as to the existence of only one source, must enter in its minutes a statement to that effect.

. . . .

### Awarding of Contract

Sec. 7.  (a)  The officer in charge of opening the bids shall present them to the commissioners court in session.  The court shall award the contract to the responsible bidder who submits the lowest and best bid, or the court shall reject all bids and publish a new notice.

(b)  In cases where two responsible bidders submit the lowest and best bid, the commissioners court shall decide between the two by drawing lots in a manner prescribed by the county judge.

(c)  A contract may not be awarded to a bidder who is not the lowest dollar bidder meeting specifications unless, before the award, each lower bidder is given notice of the proposed award and is given an opportunity to appear before the commissioners court and present evidence concerning the lower bidder's responsibility.

. . . .

### Injunction

Sec.  13.  Performance under a contract made by a county without complying with this Act may be enjoined by any property tax paying citizen of the county.

### Criminal Penalty

Sec. 14.  (a)  A county officer or employee who knowingly or intentionally makes or authorizes

separate, sequential, and/or component purchases in order to avoid the competitive bidding requirements of Section 3 of this Act commits an offense. The offense is a Class B misdemeanor and shall, upon final conviction, result in the immediate removal of the county officer or employee from office.

(b)  A county officer or employee who knowingly or intentionally violates this Act commits an offense. The offense is a Class C misdemeanor, except that a violation of the competitive bidding requirements under Subsection (a) of this section is a Class B misdemeanor.

In a recent Attorney General Opinion, JM-725 (1987), it was concluded that

[a] county officer, department or institution may purchase its own supplies subject to the limitations imposed by section 3 of article 2368a.5, V.T.C.S., and subject to commissioners court approval. Before a county may purchase one or more items under a contract that will require an expenditure exceeding $5,000, the commissioners court must comply with the competitive bidding requirements of this act. The $5,000 limitation applies to purchases by the county from the same supplier. Section 3 prohibits the intentional circumvention of the $5,000 limitation by separate, sequential and/or component purchases by the same county officers, departments, or institutions.

We do not believe Attorney General Opinion H-1190 (1978) is in conflict with this construction of article 2368a.5. In Attorney General Opinion H-1190 article 5116 was construed as follows:

Authority to supervise, direct or control the actual daily operation of a county jail is vested in the office of the sheriff although the commissioners court does have general responsibilities in connection with the operation of the jail.

With respect to the responsibility of the commissioners court the opinion noted that the county, for which the commissioners court is the governing body, is liable for the expense of the jail and safekeeping of the prisoners.

It is our opinion that article 2368a.5 is applicable to the sheriff in making purchases for the jail.

In your brief you call attention to the fact that the sheriff is aware of the medical necessities of the prisoners and knows what doctors are available at all times for that purpose. Section 4(a)(4) of article 2368a.5 exempts "personal or professional services" from the requirements imposed for other expenditures.

There are instances where a county officer may make expenditures at the sole discretion of the official. For example, within the limits set out in article 53.08 of the Code of Criminal Procedure, fines derived from the collection of hot checks, are expendable at the sole discretion of county attorneys, criminal district attorneys, and district attorneys. Attorney General Opinion Nos. JM-313 (1985); MW-439 (1982). Expenditures from funds generated by forefeitures under section 5.08 of article 4476-15, V.T.C.S., are administered by the seizing agencies or the office to which they are forfeited.

Whether a given amount of purchases in a stated time frame will constitute an intentional avoidance of the competitive bidding process prohibited by article 2368a.5 is a factual question which cannot be resolved by the opinion process.

### S U M M A R Y

Article 2368a.5, V.T.C.S., is applicable to the sheriff in making purchases for the operation of the county jail.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General